O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRIAN NELSON EDWARDS,                    )        CASE NO. CV 10-04985 GAF (RZ)
                                         )
                        Petitioner,      )
                                         )        ORDER –
            vs.                          )        1.    TO SHOW CAUSE RE
                                         )              DISMISSAL FOR
PATTON STATE HOSPITAL, ET AL.,           )              UNTIMELINESS; and
                                         )        2.    DENYING REQUESTS FOR
                        Respondents.     )              RELEASE AND
                                         )              APPOINTMENT OF COUNSEL
                                         )
_____ )

        The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.  The Court also denies Petitioner's requests for (a) own-recognizance release pending resolution of the petition and (b) appointment of counsel.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the limitations period commences on the date a petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).  The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the date on which a State-created impediment – itself a violation of Constitutional law – was

removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, No. 09-5327, __ U.S. __, __ S.Ct. __, __ L.Ed.2d __, 2010 WL 2346549 (June 14, 2010)).

The current petition was filed on July 7, 2010.  Petitioner challenges his original conviction (or probation-violation determination) in 1997 or otherwise late in the 1990s.  He does not appear to challenge later legal setbacks, such as his commitment(s) as an involuntary mental patient.  From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a)     On December 4, 1997 in Los Angeles County Superior Court, Petitioner entered a no-contest plea to a charge of burglarizing the home of his ex-girlfriend, Tasha Salters, and her family.  The plea was part of a deal with prosecutors, who agreed in turn to dismiss other pending charges of making terrorist threats and assault with a deadly weapon.  The trial court sentenced Edwards to five years of probation, with the proviso that he would be sentenced to six years in prison if he violated probation. Edwards violated his probation; the trial court sentenced him to six years in prison.  *See* Pet. ¶ 2; *People v. Edwards*, No. B168792, 2004 WL 504639 (Cal.App.2d Dist.).

(b)     Petitioner appealed, but the California Court of Appeal affirmed on August 31, 2000.  The California Supreme Court denied his petition for further direct review on December 13, 2000.

(c)     Petitioner had 90 days thereafter to seek *certiorari* in the United States Supreme Court.  *See* Sup. Ct. R. 13.1.  He did not do so.  His conviction therefore became final after March 13, 2001.

(d)  Almost two months passed.  On May 10, 2001, Petitioner filed a habeas petition in the California Court of Appeal, which rejected relief seven days later.  *See Edwards v. The People*, No. B149948 (Cal.App.2d Dist. 2001).  He tried a similar petition there on July 24, 2001, only to be rebuffed two days later.  *See Edwards v. The People*, No. B151755 (Cal.App.2d Dist. 2001).  On August 24, 2001, he sought habeas relief in the California Supreme Court, which rejected the petition on February 2, 2002.  *In re Edwards*, No. S100216 (Cal. Supreme Ct. 2002).  The California Supreme Court rejected his second and final habeas petition in that court on July 30, 2003.  *In re Edwards*, No. S114321 (Cal. Supreme Ct. 2003).  (This Court is unable to search the *trial* court records for habeas petitions therein.  It is possible that Petitioner pursued trial-court relief on one or more occasions, but the Court doubts that he did so in a sufficiently extraordinary manner as to render this action timely.)

(e)  In 2001, 2002 and 2003, Petitioner filed habeas petitions in this Court.  All were summarily dismissed, albeit not on the merits.  In each instance, Petitioner appeared to wish to challenge his initial conviction, asserting that his actions arose from being gradually poisoned by his ex-girlfriend (and burglary victim), Tasha Salters.  *See Edwards v. Salters*, No. CV 00-8623 GAF (RZ) (dismissed Sept. 13, 2000); *Edwards v. Salters, et al.*, No. CV 02-07173 DDP (RZ) (dismissed Nov. 5, 2002); *Edwards v. California*, No. CV 03-5866 GAF (RZ) (dismissed Sept. 3, 2003).

(f)  In 2003 or 2004, Petitioner was adjudicated as a "mentally disordered offender" (MDO) pursuant to CAL. PENAL CODE § 2962 *et seq*. and thus left the state *prison* system for the involuntary care of the state *mental health* system, where he remains.  The California Court of Appeal affirmed that judgment on direct review, *People v. Edwards*, *supra*, No. B168792, 2004 WL 504639 (Cal.App.2d Dist. March 16, 2004) (supplying substantial factual

background) and, at the same time, rejected habeas relief in two petitions Petitioner filed with that court in 2003 which were consolidated with the appeal.  *See Edwards v. The People*,  No. B168929 (Cal. Ct. App. 2d Dist.) (filed July 29, 2003 and consolidated on Aug. 7); *Isaacs* [Petitioner's mother Janice, on Petitioner's behalf] *v. The People*, No. B171752 (Cal. Ct. App.) (filed Dec. 10, 2003 and consolidated on Dec. 23).  As before, this Court cannot tell whether Petitioner also pursued habeas relief in the trial court.

(g)   Between October 2004 and March 2010, Petitioner peppered the state appellate court with the following eight further habeas petitions, all of which were rejected within a few days to a few months:  *Edwards v. The People*, No. B178399 (Cal. Ct. App. 2d Dist. 2004) (rejected on 15th day); *Edwards v. The People*, No. B200154 (Cal. Ct. App. 2d Dist. 2007) (rejected on 20th day); *Edwards v. The People*, No. B208277 (Cal. Ct. App. 2d Dist. 2008) (rejected on 67th day); *Edwards v. The People*, No. B218155 (Cal. Ct. App. 2d Dist. 2009) (rejected on 170th day); *In re Edwards*, No. B220506 (Cal. Ct. App. 2d Dist. 2009) (rejected on 35th day) (filed after, and rejected sooner than, immediately preceding case); *In re Edwards*, No. B221169 (Cal. Ct. App. 2d Dist. 2010) (rejected on 38th day); and *In re Edwards*, No. B223104 (Cal. Ct. App. 2d Dist. 2010) (rejected on 13th day).

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred.  Petitioner allowed nearly two months of his twelve-month AEDPA limitations period to run before filing a habeas petition in May 2001, tolling the statute.  Even if the Court assumes, perhaps with undue generosity, that Petitioner thereafter enjoyed tolling until March 16, 2004, when the California Court of Appeal affirmed the MDO judgment and rejected two habeas petitions, then his one-year limitations period still expired ten months later, in January of 2005.

No basis appears in the petition for a later AEDPA-limitations-period starting date.  Nor does the face of the petition disclose any basis for equitable tolling.  *See Holland v. Florida*, *supra*, 2010 WL 2346549 at *12 (equitable tolling of AEDPA statute requires petitioner to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way).  On the contrary, it appears Petitioner was aware of his alleged poisoning, of his attorney's or attorneys' shortcomings, and of efforts to conceal evidence of the poisoning, either at trial or within a few years thereafter.  The nature of his claims here may be distilled as, "My ex-girlfriend poisoned me back then, excusing my conduct, and my lawyer(s) conspired with others to cover up the poisoning."  To whatever extent Petitioner may have any cognizable federal claims, he waited too long to bring them to the California Supreme Court and this Court.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.  *Petitioner shall not resubmit exhibits or other materials already included in (or appended to) his Petition.*

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

Finally, the Court DENIES Petitioner's conclusory requests, filed with the Petition, for (a) release on his own recognizance pending resolution of the petition, and (b) appointment of counsel.  There are no grounds here for a release.  In addition, the Sixth Amendment right to counsel does not apply in habeas corpus actions.  Indigent state prisoners who apply for habeas relief are not entitled to appointment of counsel unless it is determined "that the interests of justice so require."  18 U.S.C. § 3006A(a)(3); 28 U.S.C.

///

///

§ 2254(h). Petitioner's case presents no exceptional circumstances requiring appointment of counsel.

IT IS SO ORDERED.


DATED:     July 21, 2010


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE